UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 03-cv-206-HRW

PATRICIA CANTRELL,                                                    PLAINTIFF,

v.                    **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,           DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application fo supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for supplemental security income benefits on February 7, 2002, alleging disability beginning on November 7, 2001, due to obesity, adjustment disorder and osteoarthritis of the knees (Tr. 73-75, 87-

1

96). This application was denied initially and on reconsideration. On May 19, 2003, an administrative hearing was conducted by Administrative Law Judge Barry Anderson (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified (Tr. 38-49). At the hearing, Dwight McMillion, a vocational expert (hereinafter "VE"), also testified (Tr. 49-54).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

2

On June 20, 2003, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 14-22).

Plaintiff was 53 years old at the time of the hearing decision. She has a college education and past work experience as a registered nurse.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 21).

The ALJ then determined, at Step 2, that Plaintiff suffered from obesity, adjustment disorder and osteoarthritis of the knees, which he found to be "severe" within the meaning of the Regulations (Tr. 21).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 21). In doing so, the ALJ specifically considered listings 1.00, 1.02 and 12.04 (Tr. 16).

The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 21) but determined that she has the following residual functional capacity ("RFC"):

> [S]tand/walk up to two hours a day, sit up to six hours a day and lift up to ten pounds. She is limited nonexertionally in that she cannot do any climbing.

3

(Tr. 21).

Based upon this RFC, the ALJ, relying upon testimony of the VE, concluded that the Plaintiff could perform a significant range of sedentary work. The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 20). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on August 28, 2003 (Tr. 6-8).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Plaintiff, however, has failed to submit a dispositive motion. Defendant has filed a motion for summary judgment [Docket No. 13] to which Plaintiff has replied [Docket No. 14].

### III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account

4

whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

As mentioned above, Plaintiff failed to file a dispositive motion. She did, however, file a reply to Defendant's dispositive motion [Docket No. 14]. Yet, Plaintiff provides only cursory arguments in her reply, which is little more than a recitation of portions of the ALJ's decision and the record. The only substantive challenge to the Commissioner's decision, while vague and difficult to discern, seems to be that the ALJ erred in discounting the opinion of a treating physician, Dr. Michael J. Goodwin.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

In this case, the ALJ gave limited weight to Dr. Goodwin's opinions and provided specific reasons as why to his opinion was discounted. First, the ALJ noted that Dr. Goodwin examined Plaintiff only once during the relevant period and, thus, is not a *treating* physician, but, rather, an examining physician (Tr. 19). As such, his opinions are not entitled to deference under the regulations.

Even assuming that Dr. Goodwin was a treating source, the ALJ found his opinions to be unsupported by clinical data. For example, contrary to Dr. Goodwin's assessment, Plaintiff's x-rays show only mild degenerative disease. Further, Dr. Goodwin indicated environmental restrictions despite the fact that claimant has no history of breathing disorders which would warrant such a restriction. The ALJ found that even Dr. Goodwin's own notes did not support the restrictions he suggested (Tr. 19). Moreover, Dr. Goodwin's assessment is at odds with the other medical evidence of record.

6

The Court, having reviewed the record, finds no error in the ALJ's consideration of the medical evidence, from both treating and non-treating sources.

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 3rd day of January, 2007.

HENRY R. WILHOIT, JR.
SENIOR U. S. DISTRICT JUDGE